KINGDON GOULD and Another, as Executors, etc., of GEORGE J. GOULD, Deceased, Executor, etc., of JAY GOULD, Deceased, and Others, Plaintiffs, *v.* KINGDON GOULD and Another, as Executors, etc., of GEORGE J. GOULD, Deceased, Individually and as Receiver, etc., and Others, Defendants, Impleaded with FRANK JAY GOULD, Appellant, and EDWIN GOULD and Others, as Trustees, etc., of JAY GOULD, Deceased, and Others, Respondents.

First Department, April 4, 1924.

Trusts — action for accounting of trust fund — motion to compel trustees to pay over shares of fund to beneficiaries pending decision of action — motion granted to extent of directing payment of sums sufficiently small to avoid prejudice to rights of any party under any possible judgment.

In an action for an accounting brought against the trustees of a trust set up in a will wherein it is sought to surcharge the accounts of the trustees, the court may properly make an order directing the trustees to pay to the beneficiaries or their assignees, during the pendency of the action, amounts to which they are unquestionably entitled in order to avoid unnecessary hardship to the beneficiaries by delaying payment without reason, but the amounts allowed by the order to be paid should be sufficiently small to avoid even the appearance of deciding questions litigated in the action and to avoid prejudice to the rights of any party under any possible outcome.

APPEAL by the defendant, Frank Jay Gould, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of January, 1924, as resettled by an order entered in said clerk's office on the 31st day of January, 1924, directing a distribution of part of a fund comprising one-sixth of the residuary trust estate of Jay Gould, deceased, now held by Edwin Gould and Helen G. Shepard, as trustees, appointed by a codicil to decedent's will together with the Equitable Trust Company of New York, substituted as trustee thereof in the place of Howard Gould, resigned.

*Leonard & Walker* [*Samuel Seabury* of counsel; *Walter B. Walker* with him on the brief], for the appellant Frank Jay Gould.

*Taylor, Knowles & Hack; DeForest Brothers*, and *Murray, Aldrich & Roberts* [*Winthrop W. Aldrich* of counsel; *Otto A. Hack* and *Henry L. DeForest* with him on the brief], for the respondents Edwin Gould and others, as trustees, etc.

*Gillespie & O'Connor* [*William F. Delaney* of counsel; *George J. Gillespie* with him on the brief], for the respondent Kingdon Gould.

*Stanchfield & Levy* [*Frederick Collin* of counsel; *J. Arthur Leve* with him on the brief], for the respondent George J. Gould, Jr.

*William A. W. Stewart,* guardian *ad litem,* for the respondent Gloria Gould Bishop.

*Cravath, Henderson & deGersdorff* [*Charles A. Roberts* of counsel], for the respondents Marjorie Gould Drexel and another.

*Pierce & Greer* [*Lawrence Greer* of counsel; *Winslow S. Pierce* and *F. C. Nicodemus, Jr.,* with him on the brief], for the respondent Frank M. Gould.

*Stotesbury & Miner* [*Louis W. Stotesbury* of counsel], for the respondents Commercial Trust Company of New Jersey and another, as trustees, etc.

*Coudert Brothers* [*Howard Thayer Kingsbury* of counsel], for the respondent Duchesse de Talleyrand.

MARTIN, J.:

Jay Gould died a resident of New York county on December 2, 1892, leaving surviving six children, George J. Gould, Edwin Gould, Helen G. Shepard, Howard Gould, Anna Gould (Duchesse de Talleyrand) and Frank Jay Gould.

By the " fifth " clause of his will, as altered by the 1st codicil, he directed that his residuary estate be divided into six separate trust funds, one of such funds to be held for the benefit of each of his children for life, and on the death of each child the corpus of his or her trust fund to be paid and delivered over " to his or her issue in such proportions and at such times as he or she shall appoint in and by his or her last will and testament; and in case of failure to make such testamentary appointment, then to such issue absolutely in the proportions provided in and by the statutes of this State in cases of intestacy."

The trustees under this will never accounted and never divided the residuary estate into the six separate trust funds, but continued to manage the same as a unit, until May, 1922, when they divided the residuary trust estate into six separate funds, without prejudice, however, to all the proceedings in this action for the accounting of the fund as a whole.

In the year 1919 George J. Gould was removed as a trustee under his father's will as a result of disclosures made during his examination before trial in this action.

In February, 1923, Hon. Edward W. Hatch was duly appointed referee to hear and determine the issues herein, and the trial is now in progress. It is sought to surcharge the accounts of the fiduciaries under the will of Jay Gould.

On May 16, 1923, after the appointment of the referee and the commencement of the trial, George J. Gould died a resident of

New Jersey, leaving a will which was probated June 4, 1923, in the county of Ocean, N. J. He left him surviving seven children by his first wife, as follows: Kingdon Gould, Marjorie Gould Drexel, Jay Gould, Vivien Decies, George J. Gould, Jr., Edith Gould Wainwright and Gloria Gould Bishop, a minor over the age of fourteen years. He also left him surviving three children by his second wife, they being George Sinclair Gould, born April 11, 1915, Jane Sinclair Gould, born June 29, 1917, and Guinivere Gould, born April 11, 1922.

In the " first " paragraph of his will George J. Gould provided as follows:

" *First.* Referring to the power of appointment contained in the Fifth Clause or Article of the last Will and Testament of my father Jay Gould, I hereby direct that the share of the Estate of Jay Gould held in trust for my benefit, shall upon my decease, be equally distributed among my seven children, Kingdon Gould, Marjorie Gould Drexel, Jay Gould, Vivien Decies, George J. Gould, Jr., Edith Gould Wainwright and Gloria Gould."

This testator appointed his son Kingdon Gould and Schuyler Neilson Rice executors of his will without bond, and Schuyler Neilson Rice and the Commercial Trust Company of New Jersey, trustees without bond of the trusts therein created.

By an instrument in writing dated December 14, 1920, Lady Decies, formerly Vivien Gould, and a daughter of George J. Gould, transferred and set over to the Equitable Trust Company of New York all her interest in the residuary estate of her grandfather, Jay Gould, in trust for certain uses and purposes.

By an instrument under date of October 19, 1922, Jay Gould, son of George J. Gould, likewise transferred and set over to the Commercial Trust Company of New Jersey and Schuyler Neilson Rice all of his interest in the residuary estate of his grandfather, Jay Gould, in trust for certain uses and purposes. This instrument was amended by a subsequent instrument dated November 10, 1922.

By an instrument under date of October 31, 1922, Edith Gould Wainwright, another child of George J. Gould similarly purported to transfer in trust all her interest in the residuary estate of her grandfather, Jay Gould, to the Commercial Trust Company of New Jersey and to said Rice.

These trust deeds contained provisions for the payment to the executors of George J. Gould, out of the first money and property received by the trustees, advances and loans respectively made to these three children.

The motions herein were for an order directing Edwin Gould,

Helen G. Shepard and the Equitable Trust Company of New York, as trustees of the one-sixth part of the residuary trust estate of Jay Gould, held for the benefit of George J. Gould during his life, to pay over a one-seventh share of such fund to or for each of the children by the first wife, and, in the instances of the children who had assigned their interests, to the respective assignees-trustees.

The order appealed from directs the payment:

a. Of $562,871.35 each to four of the children of George J. Gould by his first wife, and to the respective assignees of the other three children by the first wife.

b. Of one-tenth of the income received with respect to the fund held for George J. Gould for life from the time of his death.

c. Of one-tenth of the income as and when received, with respect to a fund of $2,800,000 directed to be reserved for taxes, commissions, expenses and allowances.

The only appellant is the defendant Frank Jay Gould, who is the youngest son of Jay Gould but not a trustee of his estate.

The court at Special Term found the present market value of the one-sixth part of the principal of the estate of Jay Gould, which, according to his will, goes to the children of George J. Gould, subject to the power of appointment given to George J. Gould, a power exercised as above indicated, to be $8,452,746.50 gross. From this is deducted $2,824,033, an amount intended, and more than ample, to cover all possible deductions, taxes, attorneys' fees and other expenses which might be deducted or payable from said one-sixth. Thus, it arrived at the figure $5,628,713.50.

An interest to the extent of one-tenth thereof is claimed by each of the three children of the second wife of George J. Gould in the remainder left by Jay Gould to the children of his son George. In view of this and in order that there might be no question that the respective distributees under the order were entitled to the amount to be paid to each of them, the said sum of $5,628,713.50 was divided into ten parts instead of seven, and one of the tenths was directed to be paid to each of the seven children of George J. Gould by his first wife.

These applications for distribution pending the settlement of the accounts of the fiduciaries were taken up and disposed of on a basis which was intended to decide no questions which are at all disputed or litigated, or to be litigated, between any of the parties concerned. The purpose was to distribute amounts to which the distributees are unquestionably entitled. It is contended, however, by the appellant that the effect of the order is to decide questions which are involved in litigation, and this we will now consider.

The court below expressly stated: " The question is as to the

practicability of making an order herein for a partial distribution of this remainder estate    *    *    *."

This was an order of a practical nature, intended to decide no litigated questions, but having the effect of turning over, to the persons respectively entitled thereto, amounts which, without question, they would ultimately be entitled to receive. Its purpose was to avoid unnecessary hardship in keeping from them their respective interests without any reason for so doing.

It is asserted by appellant in opposition to this order that George J. Gould is indebted to the estate of his father Jay Gould; that two of the children of George J. Gould, and possibly a third child, received advances from him on arrangements by which his estate would be repaid out of their respective interests in the remainder of the one-sixth of his father's property directed to be held in trust for George J. Gould for life; that such arrangements were evidenced by provisions in the trust deeds referred to above as having been executed by three children of George J. Gould; that the effect was to create equitable assignments for the benefit of the estate of George J. Gould; that the amounts so assigned are assets of the estate of George J. Gould within this jurisdiction and applicable to any amount which may be found to be due by the estate of George J. Gould to the estate of his father. We find it unnecessary to pass upon the merits of this argument; for the order will not prejudice the estate of Jay Gould or the beneficiaries under his will.

It directs that the sum of $562,871.35, representing the amount to be paid to Jay Gould, a son of George J. Gould, be paid to the trustees appointed by the son of George J. Gould; that said trustees shall hold and retain the same within the State of New York, subject to the further order of the court, and that, in the meanwhile, only the income from the fund may be applied to the benefit of Jay Gould, son of George J. Gould.

So, likewise, the one-tenth part set aside for Lady Decies, formerly Vivien Gould, is paid to her trustee, the Equitable Trust Company of New York, under a deed of trust; and it is likewise directed to hold and retain the same within the jurisdiction, with power to pay her the income thereof.

The amounts which were advanced to these beneficiaries by their father, with interest thereon, are much less than the amounts of their respective shares. There can be no danger that the payment to them of the income will result in the share of any one of them diminishing to the amount of the loan to him.

Appellant's contention that the order does in effect determine certain issues involved in the litigation pending before the referee

is based principally on a provision in a codicil to the will of the grandfather to the effect that, if any of his children marry after his death without the consent of a majority of the then executors and trustees under his will, the share allotted to the child so marrying shall be reduced one-half and the principal of the other one-half of said share shall be paid, " assigned, transferred or set over to such persons as under the laws of the State of New York would take the same " if he, the grandfather, " had died intestate."

The court at Special Term seems to have proceeded on the theory that the second marriage of George J. Gould did not have the effect of reducing the remainder due his children under the will of his father.

In the brief for the appellant it is said the appellant believes that the limitation referred to is invalid, " and especially so in view of the fact that the chief persons to gain by its enforcement are the same persons with whom rests the right by its terms to restrain marriage  *  *  *," and that appellant is entirely satisfied to have it declared to be invalid. But it is, urged nevertheless that the court at Special Term was unauthorized to proceed on a basis which would indicate an assumption of invalidity, or that the provision of the will of Jay Gould, referred to, was without effect.

We think that nothing in the order should have the effect of or even the appearance of determining this question on the affidavits submitted, and, therefore, have decided to reduce the respective shares, the amounts to be paid to the six children of George J. Gould by his first wife, to one-half of the amounts directed in the order as appealed from. One-half of said amounts is taken as a matter of convenience, not as a result of any computation.

Appellant also urges that the validity of the trust deeds was passed on; but, as the order provides for the funds affected thereby being retained in the jurisdiction, we do not consider that point well taken. Nor do we believe that there is justification for his fears as to the effect of releasing the trustees to the extent that they make payments as directed.

The order appealed from should be modified as indicated in the foregoing, and accordingly affirmed.

DOWLING, SMITH, MERRELL and McAVOY, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed. Settle order on notice.